STATE, Respondent, v. HAAS, Appellant

(8 N. W.2d 569.)

(File No. 8586. Opinion filed March 18, 1943.)

**Eugene C. Mahoney** and **Hugh S. Gamble,** both of Sioux Falls, for Appellant.

**Leo A. Temmey,** Atty. Gen., and **Frank S. Tait,** State's Atty., of Milbank, for Respondent.

PER CURIAM. The defendant was charged with murder. In the due course of the proceedings had below in which defendant refused and did not have the aid of counsel, plea of guilty was entered and the death sentence imposed. On the day before the lapse of the period within which an appeal to this court is permitted voluntary counsel appeared in his behalf, perfected an appeal to this court and lodged a motion which seeks to have the cause remanded to the trial court for the purpose of presenting a motion praying that the judgment below be vacated and that the defendant be permitted to withdraw his plea of guilty for

the purpose of entering a different plea. The reason advanced to justify this extraordinary procedure is that the defendant, at the time of refusing the aid of counsel and at the time he entered his plea, was without sufficient power of mind and understanding to make an intelligent choice and decision.

We do not deem it necessary to review the showing made in support of the motion. Suffice it to say that as a result of that showing this court is left in doubt as to the competency of the defendant at the time in question to make the described important decision involving his life and liberty.

The motion does not, in our opinion, involve an issue of mere judicial discretion in ruling on a motion for a change of plea pursuant to SDC 34.3522. The point suggested is that the judgment below lacks validity for want of due process of law under the provisions of the Fourteenth Article of Amendment to the Constitution of the United States, and § 2, Article VI of the Constitution of South Dakota. See Patton v. United States, 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, 70 A. L. R. 263; Powell v. Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527; Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461; Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595; Adams v. United States, 317 U. S. 269, 63 S. Ct. 236, 87 L. Ed. 268.

▮▮▮ The measure of protection afforded one charged with crime in a state court by the Fourteenth Amendment is indicated by pertinent pronouncements of the Supreme Court of the United States. "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial." Lisenba v. California, 314 U. S. 219, 62 S. Ct. 280, 290, 86 L. Ed. 166. "* * * in a capital case, where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance,

feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law." Powell v. Alabama, supra [287 U. S. 45, 53 S. Ct. 65, 77 L. Ed. 158, 84 A. L. R. 527]. "As we have said, the Fourteenth Amendment prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right, and while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness, we cannot say that the amendment embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel." Betts v. Brady, supra [316 U. S. 455, 62 S. Ct. 1262, 86 L. Ed. 1595]. "The short of the matter is that an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury, and so likewise may he competently and intelligently waive his Constitutional right to assistance of counsel." Adams v. United States, supra [317 U. S. 269, 63 S. Ct. 240, 87 L. Ed. 268]. "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, supra [304 U. S. 458, 58 S. Ct. 1023, 82 L. Ed. 1461].

 We do not now decide whether the aid of counsel to one charged with crime is of the essence of due process under our state. Constitution. We do decide and hold that the lack of such a fair trial, as the due process provisions require, may arise from the lack of counsel; that for such a waiver of the right to defend by counsel to be binding on a defendant it must be made voluntarily and intelligently by a competent mind; and that proceedings in a capital case conducted without the aid of counsel should be scrutinized with the utmost of care. And we further hold that the absence of due process is destructive of jurisdiction.

■ In the light of these principles and of the importance of the issue presented, we turn to the procedure advocated by counsel. Whether the suggested procedure be proper or not we do not decide. A procedure is available which, in our opinion, will more adequately protect and safeguard the rights of defendant. We therefore exercise our discretion to deny the motion and suggest that the issue be heard under a writ of habeas corpus issued from a trial court to the end that a decision which can be reviewed may be made after the most complete development of the controlling facts.

The motion is denied.

All the Judges concur.