STATE ex rel. WARNER, Appellant v. JAMESON, Respondent

(91 N.W.2d 743)

(File No. 9706. Opinion filed September 8, 1958)

**Schiager & Schiager,** Sioux Falls, for Plaintiff and Appellant.

**Phil Saunders,** Atty. Gen., **George W. Wuest,** Asst. Atty. Gen., for Defendant and Respondent.

HANSON, J. On May 17, 1952 petitioner, John Mertz Warner, pleaded guilty to two counts of an information charging indecent molestation of a minor child. The information was filed, and petitioner was arraigned, in the Circuit Court of Codington County. He was sentenced to serve ten years in the state penitentiary on each count, the sentences to run concurrently. He is now serving such sentence.

Petitioner filed an application for a writ of habeas corpus in the Circuit Court of Minnahaha County contending the sentence imposed is void as the court did not advise him of the right to court-appointed counsel and the court did not ask if he desired aid of counsel. The trial court concluded petitioner had waived his right to counsel and entered its order quashing the writ of habeas corpus and

remanding petitioner to the custody of the Warden. Petitioner appeals from this order.

When the accused was arraigned in May 1952 he was twenty-four years of age. He had been employed, and was a resident of Omaha, Nebraska. Although he did not graduate, he had attended school through the twelfth grade. The offense of vagrancy was his only prior crime. He appeared at the arraignment without counsel and indicated a desire to enter a plea of guilty. With reference to right of counsel the record shows the following subsequent proceedings:

"By the Court: Have you had an opportunity to confer with counsel of your own choosing—have you talked with an attorney about the matter?

"By the Defendant: With Mr. Oviatt.

\*      \*      \*      \*      \*      \*

"By the Court: You are, in addition, advised that you are entitled to be represented by an attorney at all stages of the case if you so desire; \* \* \* Do you understand these rights?

"By the Defendant: I believe I do, Your Honor.

"By the Court: I must advise you if you desire to enter a plea of guilty you will thereby waive your right to such a trial, and you will thereby waive your right to be confronted by the witnesses or have witnesses in your own behalf, except witnesses as you wish to call in in mitigation of punishment. Do you understand that?

"By the Defendant: I believe I do.

"By the Court: Well what is there about it that you are uncertain about?

"By the Defendant: Nothing I guess.

"By the Court: What I am saying is if you plead guilty these rights would be waived."

Before a plea was entered the Information was read and accused was informed as to the penalty.

The right to defend in person and by counsel is guaranteed the accused in all criminal prosecutions by Article VI, § 7 of the South Dakota constitution. Implementing this constitutional guarantee are the following statutory provisions:

"Counsel for defendant before arraignment; * * * If the defendant appears for arraignment without counsel, he must be informed by the Court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires, and is unable to employ counsel, the Court must assign counsel to defend him." SDC 34.3506.

"Counsel for indigent defendant: * * * In any criminal action in the Circuit, municipal, or county court, where it is satisfactorily shown that the defendant is without means and unable to employ counsel, the court shall assign counsel for his defense, whose duty it shall be to appear for and defend the accused upon the charge against him, and counsel so assigned shall, after the disposition of said cause, be paid by the county in which such trial is had a reasonable and just compensation for such services * *". SDC 34.1901 as amended by Chapter 182, Laws of 1957.

When an accused appears for arraignment he is required to demand or waive counsel immediately. To be effective the waiver must be made "voluntarily and intelligently by a competent mind." State v. Haas, 69 S.D. 204, 8 N.W.2d 569, 570. Therefore before an accused is asked whether or not he desires the aid of counsel he should first be fully informed of his rights in this regard. Otherwise the query about counsel becomes an idle ceremony devoid of any substance or purpose. Our statutes contemplate that when an accused appears for arraignment without counsel the trial judge should:

(1) Inform the accused of his right to counsel before being arraigned and of an indigent defendant's right to court-appointed counsel at public expense;

(2) Ask the accused if he desires the aid of counsel;

(3) If the accused desires counsel, inquiry into his financial condition;

(4) If the accused is financially unable to employ counsel of his own choice appoint competent counsel to represent him at the expense of the county.

■■ The burden of proof is upon the petitioner to establish that he did not voluntarily and intelligently waive his right to the aid and assistance of counsel. Johnson v. Zerbst, 304 U.S 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. There is no presumption that an accused charged with a felony, not represented by counsel, and not schooled in the law, understands his constitutional rights, and consequently there is no presumption he waives them by entering a plea of guilty. On the contrary, the courts indulge every reasonable presumption against such waiver. State ex rel. Henning v. Jameson, 71 S.D. 144, 22 N.W.2d 731.

■ In the present case we are unable to conclude petitioner voluntarily and intelligently waived his right to counsel. He was never asked if "he desired the aid of counsel" and was never informed of an indigent defendant's right to court-appointed counsel. It became particularly important that petitioner be informed of his right to defense counsel after it appeared he had conferred only with the State's Attorney before arraignment. In the case of In re Stevens, 81 Okl.Cr. 65, 160 P.2d 415, 418, the trial court advised the accused he was entitled to counsel to represent him. The court held this explanation insufficient, stating "The court should not only advise one accused of crime that he is entitled to counsel to represent him, but he should further advise the accused that, in case of his inability to employ counsel, the court will appoint counsel to represent him without expense to the accused." A voluntary and intelligent waiver of counsel can only be made by one who knows, or has been informed, of his rights in this regard.

■ The waiver of the right to the aid and assistance of counsel "is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial." Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 322, 92 L.Ed. 309. Although involving a capital offense, the following statement by this court in State v. Sewell, 69 S.D. 494, 12 N.W.2d 198, 199, applies here:—"When one accused of a capital offense comes before the bar of a court, unaided by counsel, to tender a plea of guilty, nothing less than the utmost of caution will satisfy the requirements of justice. In such circumstances the law does not contemplate a ceremony empty of substance. Until the court is solemnly persuaded by a pains taking explanation of the rights afforded the accused by the law, and of the extreme consequences his plea may entail, that the accused is acting with volition and understanding, a plea guilty should not be entered."

■ The mere lapse of time does not bar the assertion of petitioner's rights in this proceeding. Palmer v. Ashe, 342 U.S. 134, 72 S.Ct. 191, 96 L.Ed. 154.

With credit for good behavior petitioner has substantially served the sentence imposed. The order appealed from is therefore reversed and the cause is remanded with direction that petitioner be discharged.

All the Judges concur.