**Earle L. REYNOLDS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16249.**

United States Court of Appeals
Ninth Circuit.

June 1, 1959.

Joseph L. Rauh, Jr., John Silard, Lucien Hilmer, Washington, D. C., Frederick S. Wyle, San Francisco, Cal., for appellant.

J. Walter Yeagley, Acting Asst. Atty. Gen., Louis B. Blissard, U. S. Atty., Sanford J. Langa, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

The appellant, defendant below, was accused by information[1] filed in the United States District Court for the District of Hawaii of violating, or attempting to violate, and conspiring to violate a regulation and order prescribed and issued under Section 2201(i) of Title 42 U.S.C.A., to-wit Title 10, Code of Fed-

---

1. The defendant in open court and in a written waiver signed by him and his counsel waived prosecution by indictment and consented to proceedings by information instead of indictment.

eral Regulations, Part 112, by knowingly, wilfully and feloniously entering, attempting to enter, and conspiring to enter the danger area defined in the regulation during the continuation of the Hardtack test series, also as defined in said regulations, without the express approval of the appropriate officials of the Atomic Energy Commission, in violation of Title 42 U.S.C.A. § 2273.[2]

Trial was had before a jury, which returned a verdict finding the defendant guilty of the offense charged in the information. The trial court committed the defendant to the custody of the Attorney General for imprisonment for a period of two years, directing that the defendant be confined in a jail-type institution for a period of six months and that the execution of the remainder of the sentence be suspended, that the defendant be placed on probation for such period on the usual terms and conditions of probation.

On this appeal appellant contends:

1. That the Atomic Energy Commission was not authorized to issue the regulation.

2. That the section purporting to authorize the issuance of the regulation is too vague and indefinite to satisfy the Constitutional requirements.

3. That the nuclear tests and the regulations under which appellant was convicted violate international commitments of the United States.

4. That appellant was deprived of rights guaranteed under the First and Fifth Amendments to the Constitution of the United States, under the regulation which restrains peaceable protest and freedom of movement, and which was adopted without the required notice and opportunity for hearing.

5. That appellant was denied his right under the Sixth Amendment to be defended by counsel of his own choice.

The record is clear that appellant attempted to dismiss his local counsel following the order of the district court refusing a continuance of the trial, which appellant sought in order to enable counsel from the mainland to represent him. The record is further clear that the appellant sought to represent himself at the trial, but the district court refused him the right to do so and insisted upon appellant's representation at the trial by the local counsel.

In our view the district court erred, in the circumstances of this case, by denying appellant the right to conduct his own defense.[3] As this Court, speaking through Judge James Alger Fee, stated in Duke v. United States, 9 Cir., 255 F.2d 721, at page 724, certiorari denied 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365: "There are two principles which are founded on reason and authority in this field to which this Court gives full weight. First, an accused has an unquestioned right to defend himself. [Citing Title 28, U.S.C.A. Section 1654] Second, an accused should never have counsel not of his choice forced upon him. [Citing Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268] This Court has never failed to recognize either of these fundamental rights."

Appellee recognizes the error committed by the district court by stating in its brief " * * * after an extensive review of the cases dealing with the right to represent one's self, it is our opinion that, in the circumstances of this case, it was error to refuse to permit the appellant to represent himself during the trial in the face of his specific and timely request to so act. * * * the trial Court's denial of appellant's request to proceed at the trial in propria persona, the Government, on that ground, does not oppose the appellant's request of this Court for reversal of his conviction."

2. This Regulation was withdrawn on September 8, 1958 (23 F.R. 6974).

3. Title 28 U.S.C.A. § 1654. "Appearance personally or by counsel—In all courts of the United States the parties may plead and conduct their own cases personally or by counsel * * * *"

As the judgment of conviction must be reversed for the reason and upon the ground herein stated, we deem it unnecessary to consider the other points raised by the appellant on this appeal.

The judgment of the district court is reversed and the cause remanded to the district court with instructions to grant the appellant a new trial.