STATE, Respondent v. THOMLINSON, Appellant

(100  N.W.2d  121)

(File No. 9801. Opinion  filed  January  9,  1960)

**Acie W. Matthews**, Sioux Falls, for Defendant and Appellant.

**Parnell J. Donohue**, Atty. Gen., for Plaintiff and Respondent.

HANSON, J.   The defendant, James W. Thomlinson, appeals from a conviction of burglary in the third degree. Instead of filling a brief the Attorney General concedes error. We agree the conviction cannot be sustained, and a new trial must be granted.

Thomlinson was charged with burglarizing the Bennett County Cooperative Association. Over defendant's timely challenge at least one member of this Cooperative was allowed to sit on the jury. The challenge should have been sustained and all members of the Association removed from the jury list. Membership in the Cooperative alleged to have been burglarized clearly constituted a disqualifying interest on the part of such jurors within the contemplation of SDC Supp. 33.1311(5). It was immaterial how such membership was obtained.

The defendant also contends the trial court denied him his constitutional right to defend "in person". The record certified to us does not contain a transcript of the arraignment proceedings. It does appear, however, that defendant conducted his preliminary hearing without counsel. When he appeared for arraignment in Circuit Court without counsel the court, on its own motion, appointed an attorney to confer and consult with him. Thereafter defendant pleaded not guilty and appeared at the trial in person and with his court-appointed counsel.

After the jury was impaneled and the opening statement made by the State's Attorney, Thomlinson informed the court he had never requested an attorney to represent him; he did not want one; an attorney had been forced upon him; and he desired to defend himself in person. He then requested permission to make his opening statement to the jury himself. The attorney appointed to confer

and consult with defendant concurred in his statement and request. The request was denied by the court. Thereupon Thomlinson stated he was "discharging this lawyer in the presence of the people in this case and taking the case on myself". The court refused to honor the dismissal whereupon the court-appointed attorney stated if he were in any way responsible for the case he wanted to make an opening statement on behalf of defendant. He did so and continued to represent defendant throughout the trial.

In all criminal prosecutions in this state an accused has both a constitutional and a statutory right "to defend in person and by counsel." S.D.Const. Art. VI, § 7, and SDC 34.2905(1). These provisions do not create or guarantee dual rights. When arraigned an intelligent competent accused must elect either (1) to have an attorney—by employment or by appointment, or (2) to defend himself. He is not entitled as a matter of right to both. People v. Mattson, 51 Cal.2d 777, 336 P.2d 937. Neither South Dakota law nor federal Due Process "denies a person the right to defend himself or to confess guilt. Under appropriate circumstances the Constitution requires that counsel be tendered; it does not require that under all circumstances counsel be forced upon a defendant". Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 218, 91 L.Ed. 172. This court has previously indicated that an accused's waiver of counsel to be effective must be made "voluntarily and intelligently by a competent mind". State v. Haas, 69 S.D. 204, 8 N.W.2d 569, 570; State ex rel. Warner v. Jameson, 77 S.D. 340, 91 N.W.2d 743.

When an accused appears in Circuit Court for arraignment without counsel the court may appoint an attorney to confer and consult with him before honoring waiver of counsel or accepting a plea. Our constitution does not prevent or prohibit such salutary action. In any doubtful case that procedure should be followed to assure an effective voluntary and intelligent waiver of counsel. We have in mind cases where the accused is young, inexperienced in criminal procedures; of questionable mental competency; lacking in education; or in any case where

the gravity of the penalty or complexity of the crime seemingly dictates such procedure. As the United States Supreme Court recently pointed out, "Where the right to counsel is of such critical importance as to be an element of Due Process under the Fourteenth Amendment, a finding of waiver is not lightly to be made." Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 195, 2 L.Ed.2d 167.

■ It is not, however, within the province of a court in every case to require an unwilling defendant to be represented by unwanted counsel. If he is sui juris and mentally competent an accused does have the right to defend himself without the aid and assistance of an attorney. 14 Am.Jur., Criminal Law, § 169, p. 884; Annotation 17 A.L.R. 266.

■ In our opinion Thomlinson voluntarily, intelligently, and effectively waived his right to counsel. He was 59 years of age at the time of trial and the record reflects his mental alertness and capacity to know and understand his rights. He had been in other courts on prior charges and was no stranger to criminal procedures. His rights were not violated by the appointment of counsel at the arraignment for the purpose of consulting and conferring with him. However, defendant thereafter clearly elected to defend himself in person. He did so with full knowledge and understanding of the danger and possible pitfalls of representing himself. He should have been allowed to do so. Reynolds v. United States, 9 Cir., 267 F.2d 235. Under the circumstances we believe the court erred in denying defendant his constitutional right to defend himself in person.

Reversed.

All the Judges concur.