# APPLICATION OF TREVITHICK

## (131 N. W. 2d 440)

(File No. 10171.   Opinion filed November 18, 1964)

**Davenport, Evans, Hurwitz & Smith,** and **Carleton R. Hoy,** Sioux Falls, for appellant.

**Frank L. Farrar,** Atty. Gen., **Walter Weygint,** Asst. Atty Gen., Pierre, **J. A. Lammers,** State's Atty., Madison, and **Roger A. Schiager,** Deputy State's Atty., Sioux Falls, for respondent.

HANSON, J.   Petitioner was charged with the crime of kidnapping. He defended himself and was convicted. He now seeks release from the State Penitentiary in this habeas corpus proceeding claiming a denial of due process of law in violation of both the State and Federal Constitutions. The question presented is whether petitioner waived his right to counsel.

In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the United States Supreme Court expressly overruled Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, and held the Sixth Amendment right of an accused, in all criminal prosecutions, to have assistance of counsel, extended to and was obligatory upon the states through the Due Process Clause of the Fourteenth Amendment. See Anno. 9 L.Ed.2d 1260. However, as pointed out in the recent case of State v. Erickson, 80 S.D. 639, 129 N.W.2d 712, the decision in Gideon v. Wainwright currently has little impact on criminal procedures in this state as South Dakota has long recognized and honored an accused's constitutional and statutory right to counsel.

Although right to counsel is fundamental in nature and guaranteed by both State and Federal Constitutions it, nevertheless, is a personal right which may be waived. State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130. Neither constitution contains an inexorable command that every accused have the assistance of counsel in every case, State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441, and it is not within the province of a court to require an unwilling defendant to be represented by unwanted counsel. State v. Thomlinson, 78 S.D. 235, 100 N.W.2d 121. In the absence of unusual circumstances an accused who is sui juris and mentally competent has the right to defend himself in a criminal case without aid of counsel. See Anno. 77 A.L.R.2d 1233. To be binding, however, waiver of counsel must be made voluntarily and intelligently by a competent mind, State v. Haas, 69 S.D. 204, 8 N.W.2d 569, or as indicated in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, it must be "intelligently and understandingly" done. The determination of whether there has been a valid waiver depends upon the particular facts and circumstances surrounding each case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

It appears from the record in this case that after petitioner was apprehended in Sioux Falls he was returned to Madison and taken before a Justice of the Peace on November 27, 1961. The Justice Docket shows "the complaint was read to the defendant and he was advised of his rights under the statute." Petitioner

waived a preliminary hearing and was bound over to circuit court to answer for the crime of kidnapping. On February 26, 1962, an information was filed in the Circuit Court of Lake County where petitioner was arraigned and interrogated with respect to counsel as follows:

"THE COURT: Do you have an attorney?

"THE DEFENDANT: No, sir, I don't.

"THE COURT: Do you have the means to employ a lawyer?

"THE DEFENDANT: I do.

"THE COURT: You have been in Court before. Do you understand your legal rights?

"THE DEFENDANT: I do.

'THE COURT: You understand that you are entitled to a lawyer?

"THE DEFENDANT: Yes, sir.

"THE COURT: And an attorney of your choice?

"THE DEFENDANT: Yes, sir.

"THE COURT: And if you do not have the means to pay one, the Court will appoint one to represent you. Do you understand that?

"THE DEFENDANT: Yes, sir.

\*      \*      \*      \*      \*

"THE COURT: Do you wish to secure an attorney?

"THE DEFENDANT: Yes, sir, from Sioux Falls, if I may.

"THE COURT: Have you talked with an attorney? Have you obtained the services of anyone there?

"THE DEFENDANT: I wrote to one, sir.

"THE COURT: When did you write to him?

"THE DEFENDANT: The 9th of February.

"THE COURT: And you haven't heard from him?

"THE DEFENDANT: No, sir.

"THE COURT: Who was it, if I may inquire?

"THE DEFENDANT: A Robert O'Connor.

"THE COURT: Well, you understand that the Jury are to report next Monday, and that your case will be for trial at that time?

"THE DEFENDANT: Monday, sir?

"THE COURT: Yes, a week from today, and you should have an attorney by that time. In fact, you should have one before that time. Do you wish the Sheriff to call Mr. O'Connor, or do you wish to make other arrangements?

"THE DEFENDANT: I don't know any attorneys. I'm from Nebraska, and I just—the only means I had of picking an attorney was from the newspaper. I just seen his name in the paper, so I wrote him. I just don't have a list of them, or any knowledge of them. But anyone outside of Madison would be satisfactory with me, sir.

"THE COURT: Well, as long as you have the means to employ your own attorney, it's hardly proper for the Court to suggest one.

"THE DEFENDANT: Well, no, sir, I didn't mean that.

"THE COURT: But I think that it is important to protect your rights that the services of an attorney be secured at once. We have two outside attorneys here this morning: Mr. Adams from Sioux Falls, and Mr. Protsch from Howard. I don't know whether they

will accept employment from you, or not. You don't think that you are ready to enter a plea at this time? In fact, I — —

"THE DEFENDANT: I'll enter a plea, yes, sir. Not Guilty.

"THE COURT: You think you don't need the advice of an attorney to enter a plea of Not Guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Well, the case will be set for trial a week from today, and I'm sure the Sheriff will assist you, or others will, in securing the name of an attorney, and seeing that the necessary telephone calls are placed to obtain an attorney's services. Can you think of anything further at this time, Mr. Lammers?

"MR. LAMMERS: No, just so the Defendant understands—

"THE COURT: That he has to secure an attorney at once, yes.

"MR. LAMMERS: —the case will be moved for trial a week from today.

"THE COURT: Yes, and you certainly should consult your attorney before that time; in fact, you should secure your attorney at once. Is there any further statement you wish to make at this time?

"THE DEFENDANT: No, sir.

"THE COURT: That will be all, then."

On March 2, 1962, the defendant appeared before the court and the following record was made:

"THE COURT: —you were then advised of your Constitutional rights, and you entered a plea of Not Guilty. The Court advised you that the case would be set for trial this coming Monday, March 5, at

which time the Jury will report. You were asked to secure an attorney by that time. Have you secured an attorney at this time?

"THE DEFENDANT: I don't think I want an attorney, sir.

"THE COURT: You intend to defend the case yourself?

"THE DEFENDANT: I do, sir.

"THE COURT: And you will be ready to go to trial Monday morning?

"THE DEFENDANT: I will, sir.

"THE COURT: —you do understand that you have the right to an attorney of your choice, but the Court cannot force an attorney on you. You have the right to represent yourself, and if that is your wish then that is all I have to ask you now.   *   *   *."

On March 6, 1962, trial was commenced before a jury at which petitioner conducted his own defense. The subject of the kidnapping was a city police officer who had been taken at the point of a gun and handcuffed to a fence. Petitioner readily admitted kidnapping the officer but claimed he was justified, or impliedly invited to do so, by reason of the officer's negligence in failing to search for concealed weapons at the time of arrest.

■■ In State v. Thomlinson, 78 S.D. 235, 100 N.W.2d 121, 77 A.L.R.2d 1229, we held an accused has the constitutional right to defend in person or by counsel. He is not entitled as a matter of right to both. However, the constitution does not forbid a court from appointing an attorney to confer and consult with an accused before honoring a waiver of counsel or accepting a plea. We further said this salutary practice should be followed in any doubtful case to assure an effective voluntary and intelligent waiver and is particularly appropriate when the accused is young, inexperienced in criminal procedures, of questionable competency, lacking in education, or in any case where the gravity of the penalty or complexity of the crime seemingly dictates such procedure.

The present case does not fall within the contemplation of the Thomlinson admonition. Petitioner was forty years. of age at the time of arraignment. There is no question about his. competency. His education includes four years of college. With a criminal record extending over a period of twenty years he· was familiar with criminal procedures and fully understood all. of his rights and the gravity of the charge against him. He referred. to himself at the trial as a "talented thief" and informed the Sheriff of Lake County that he had "probably been arrested as: many times as you've arrested a person". His criminal record. includes a prior conviction of kidnapping. He was not indigent and was afforded an opportunity to, and did, confer with an attorney from Sioux Falls before trial.

The record affirmatively shows the trial court repeatedly offered assistance of counsel and petitioner intelligently and understandingly rejected such offers. In this collateral attack on the judgment of conviction petitioner has failed to sustain the burden of proving he did not competently and intelligently waive his right to counsel. Johnson v. Zerbst, supra. The fact that at one stage of the proceeding petitioner indicated he might want counsel did not make a subsequent and final waiver ineffective. State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130.

Affirmed.

All the Judges concur.