**Application of Thomas W. TREVITHICK for a Writ of Habeas Corpus.**

**Civ. 66–78.**

United States District Court
D. South Dakota, S. D.

Dec. 8, 1966.

Carleton R. Hoy, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for petitioner.

Michael B. Strain, Asst. Atty. Gen., Pierre, S. D., and Jerome B. Lammers, Lake County State's Atty., Madison, S. D., for State of South Dakota.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a ruling on an application of Thomas W. Trevithick for a writ of habeas corpus. A hearing was held on October 7, 1966. Petitioner appeared in person, accompanied by his attorney, Carleton R. Hoy. Deputy Warden Joel Jensen appeared for Warden Don R. Erickson, warden of the South Dakota State Penitentiary, and Assistant Attorney General Michael B. Strain appeared for the State of South Dakota, assisted by Jerome B. Lammers. Having heard the testimony of witnesses Jensen and Trevithick and the arguments and au-thorities cited by counsel for both sides, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The petitioner, Thomas W. Trevithick, is a citizen of the United States, and is presently imprisoned and restrained of his liberty and detained under the color of the authority of the State of South Dakota, in the custody of Don R. Erickson, Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota, in this district.

2. The claim and authority by virtue of which the petitioner is restrained of his liberty is a Judgment and Sentence of the Circuit Court in and for Lake County, South Dakota, rendered on March 15, 1962.

3. The petitioner was arraigned on a charge of kidnapping on February 26, 1962, without counsel, and the information was read and a copy furnished to him. Petitioner indicated that he did not have a lawyer and that he had the means to employ one. He was informed that he was entitled to an attorney of his choice, that if he did not have the means to pay one the court would appoint one to represent him, that he was entitled to a jury trial and to have witnesses subpoenaed to testify in his behalf. The Court asked him, "In short, you think that you understand your Constitutional rights?" The petitioner answered "Yes." Petitioner indicated that he wished to secure an attorney and that he had written to one. He also stated that he did not need the advice of an attorney to enter a plea of Not Guilty, and he entered a plea of Not Guilty at that time. The date for trial was set at March 5, 1962.

4. On March 2, 1962, petitioner advised the court that he did not want an attorney, that he intended to defend the case himself, and that he would be ready for trial. The court again informed him of the right to an attorney of his choosing.

5. On March 6, 1962, the trial commenced, the petitioner appearing in person and without counsel; on March 7, 1962, the jury returned with a verdict of

guilty of kidnapping, from which conviction no appeal was taken.

6. On March 26, 1963, an application for a writ of habeas corpus in the United States District Court, District of South Dakota, Northern Division, was quashed for the reason petitioner had not exhausted his state court remedies. Thomas W. Trevithick v. State of South Dakota and G. Norton Jameson, Warden, South Dakota Penitentiary, Sioux Falls, South Dakota, Civil No. 950 N.D.

7. The petitioner has exhausted his remedies available in the courts of the State of South Dakota by petitioning the Circuit Court in and for Minnehaha County, South Dakota, for a writ of habeas corpus, which was denied on March 25, 1964, and by timely appeal to the Supreme Court of the State of South Dakota, which court on November 18, 1964, affirmed the Judgment of said Circuit Court. Application of Trevithick for a Writ of Habeas Corpus, 131 N.W.2d 440 (1964).

8. Petitioner, at the time of his arraignment, had approximately $100 with which to hire an attorney, and his formal education included grade or elementary school, one year of high school, and several correspondence or I.C.S. courses taken from Bucknell University while in prison.

## CONCLUSIONS OF LAW

■ 1. The petitioner must be classified as an indigent at the time of his arraignment because of the small amount of money he possessed with which to retain counsel. He therefore had the right to request counsel be appointed for him, and to be advised of that right. These principles have been recently affirmed in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965).

2. Once it is determined that there is a right to counsel at a particular stage of the proceedings, there can be no distinction between a case in which defendant has hired his own attorney and cases in which defendant requires appointed counsel. United States ex rel. Russo v. State of New Jersey, 3 Cir., 351 F.2d 429, 437 (1965).

3. Waiver of counsel standards which federal courts must apply have been clearly expressed by the Supreme Court:

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

"To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

■ 4. A court cannot force the services of an attorney upon a defendant against his wishes. Johnson v. United States, 318 F.2d 855, 856 (8th Cir. 1963); Hayes v. United States, 296 F.2d 657 (8th Cir. 1961).

■ 5. In this case, Thomas W. Trevithick had a prior criminal record, was acquainted with criminal process, had previous experience in prison, and had knowledge of the benefits of counsel. He had been previously convicted and incarcerated on a charge of kidnapping and was aware of the seriousness of the charge. He made a competent and intelligent waiver of his constitutional right to the assistance of counsel.

6. Petitioner has not been denied due process of law under Article 6 of the Bill of Rights to the Constitution, nor was he deprived of a fair trial. The sentencing court had jurisdiction to impose sentence upon the petitioner, and the sentence imposed was a legal and lawful one.

7. Petitioner is now being lawfully imprisoned and restrained under the Judgment of said State Court in the custody of Don R. Erickson, Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota.

8. The petition for a writ of habeas corpus is denied and petitioner is hereby remanded to the custody of Don R. Erickson, as Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota.