**UNITED STATES of America ex rel. Nelson MINER, Plaintiff and Petitioner,**

v.

**Donald R. ERICKSON, as the duly appointed, qualified, and acting Warden of the South Dakota State Penitentiary, Defendant.**

**Civ. No. 69–66S.**

United States District Court
D. South Dakota, S. D.

Sept. 23, 1969.

C. L. Anderson, Sioux Falls, S.D., for plaintiff and petitioner.

Roger A. Schiager, Special Asst. Atty. Gen., Sioux Falls, S.D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Petitioner, Nelson Miner, presently being held in custody in the South Dakota State Penitentiary pursuant to the judgment of a state court, brings this application for a writ of habeas corpus under Sec. 2254 of Title 28 of the United States Code. Petitioner is an Indian, 47 years of age, who pleaded guilty on March 28, 1962, in Circuit Court for Dewey County, South Dakota, to a charge of indecent molestation of minor children under 15 years of age. He claims not to have understood the full significance and consequence of the proceedings against him at the time he entered a plea of guilty, and his principal basis for seeking release on the writ of habeas corpus is that he was without counsel at the time of his arraignment, plea and sentencing, and did not, by virtue of his race, limited understanding of the English language, and lack of education, knowingly and intelligently waive said right to counsel.

The Attorney General, in its return to the writ, generally denies the allegations contained in said application, and specifically sets up as a bar to the granting of said writ the fact that said petitioner has not exhausted his state court remedies, as required by Sec. 2254.

Subsequent to his conviction in 1962, petitioner filed two actions in Dewey County Circuit Court, one in December of 1966 for post-conviction relief, and one in April of 1968 in the Circuit Court for Dewey County, South Dakota, by way of a state habeas corpus action. Both the application for post-conviction relief and the state habeas corpus action were denied, and it is conceded that no appeal was taken from either action to the State Supreme Court.

Petitioner, however, claims that in the state habeas corpus action, where he was represented by one Raymond H. Kintz, a duly licensed and practicing attorney at Dupree, South Dakota, he requested his attorney to take an appeal from the order dated May 29, 1968, quashing the state habeas corpus writ, and that said request to counsel was made prior to the expiration of the time for appeal.

The evidentiary hearing accorded the petitioner by this Court was adjourned, with leave for counsel to furnish the Court and opposing counsel with copies of any letters that Mr. Kintz had in his possession from the petitioner in which said petitioner requested his counsel to take an appeal to the State Supreme

Court. Mr. Kintz furnished the Court and counsel with letters from Nelson Miner dated June 9, 1968, June 30, 1968, and September 22, 1968, and it is clear from all three letters that in each instance he requested counsel to take an appeal from Judge Hersrud's decision quashing the writ of habeas corpus on May 29th.

■■ The Court feels, therefore, as the United States Supreme Court held in the case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), that if a petitioner fails to appeal his conviction, he nevertheless is entitled to a hearing in federal court, if the petitioner did not deliberately bypass his remedy of appeal to the highest court of the state in which he was sentenced. The Court therefore resolves this question in favor of the petitioner, and finds that there was no deliberate bypass of his state court remedy.

The sole question involved, therefore, is whether petitioner has knowingly and intelligently waived his right to counsel. Following the evidentiary hearing accorded to petitioner, and after the Court indicated its desire to examine the correspondence between the petitioner and his counsel at the habeas corpus action, counsel for both the State of South Dakota and the petitioner advised the Court in writing that they did not desire to offer any further testimony other than that received at the evidentiary hearing, and that the Court could proceed with its decision on the basis of the three court files received in evidence, namely, the original conviction in Dewey County Circuit Court in 1962, the post-conviction hearing in Dewey County Circuit Court in 1966, and the Dewey County habeas corpus action in 1968.

The Court has carefully examined the transcript of the record made by Judge Hersrud at the time of the plea and sentence in March of 1962. It is clear from the record before this Court that Judge Hersrud not only carefully explained to the petitioner all of his Constitutional rights and particularly his right to counsel, but urged him on at least three separate occasions to accept court appointed counsel. In addition, he carefully explained to the petitioner the nature of the charge against him; explained that it was a most serious criminal offense; advised him of the maximum penalty that he could receive; and reiterated in his own words the essential details contained in the information charging the crime of indecent molestation of minor children under the age of 15 years, reciting their names and ages, one child being six years of age, and one child being four years of age. The Court carefully explained to the petitioner that he had a right to a jury trial; that he had a right to confront the witnesses; to cross examine them himself or by counsel; that he had a right to have material witnesses subpoenaed to testify on his behalf at the expense of the state.

The Court further specifically inquired of him as to his age, his education, his prior experience with the law, and from this ascertained that the petitioner had a sixth grade education, that he had been previously convicted in federal court as well as state court, and had been in trouble with the law some 30 times. His counsel in the federal conviction for grand larceny in 1957 was Pat Morrison, one of South Dakota's leading criminal lawyers.

The Court determined in its decision in the habeas corpus action, after having observed him both at the time of the plea and sentencing and the previous post-conviction hearing, as well as the habeas corpus hearing, that he was alert, intelligent, and able to express himself. The record shows that the petitioner claimed to clearly understand the nature of the charge; that he could be sentenced to as much as 20 years; and acknowledged the fact that the Court had expressed a belief that in such a case as this, and of as serious a nature as the charge contained in the information, that a defendant should be represented by an attorney.

The Court further inquired of him if there were any facts that he thought a

lawyer could present for him that would help him in his case, to which he answered, "No." The petitioner further stated that his plea was voluntary, and that no one had tried to talk him into it. The record also shows that some two weeks elapsed between petitioner's original arrest and his appearance in Circuit Court.

 The question therefore would seem to resolve itself into one simple issue: Can a court force the services of an attorney upon a defendant against his wishes? Both the South Dakota Supreme Court and the Eighth Circuit Court of Appeals have answered this point in the negative. State v. Thomlinson, 78 S.D. 235, 100 N.W.2d 121, 77 A. L.R.2d 1229 (1960); Johnson v. United States, 318 F.2d 855 (8th Cir. 1963); Butler v. United States, 317 F.2d 249, 6 A.L.R.3d 582 (8th Cir. 1963), cert. denied, Benedec v. United States, 375 U.S. 836, 84 S.Ct. 67, 11 L.Ed.2d 65 (1963). The Third Circuit has also held that a court cannot force the services of an attorney upon a defendant against his wishes. United States v. Washington, 341 F.2d 277, 9 A.L.R.3d 448 (3rd Cir. 1965), cert. denied, De Gregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89, reh. den., 382 U.S. 933, 86 S.Ct. 317, 15 L.Ed.2d 346 (1965).

Mr. Justice Frankfurter, in the case of Carter v. Illinois, 329 U.S. 173, 67 S. Ct. 216, 91 L.Ed. 172 (1946), while pointing out the need for assistance of counsel at every stage of the prosecution from arraignment to sentencing, goes on to say:

"This does not, however, mean that the accused may not make his own defense; nor does it prevent him from acknowledging guilt when fully advised of all its implications and capable of understanding them. Neither the historic conception of Due Process nor the vitality it derives from progressive standards of justice denies a person the right to defend himself or to confess guilt. Under appropriate circumstances the Constitution requires that counsel be tendered; it does not require that under all circumstances counsel be forced upon a defendant. United States ex rel. McCann v. Adams, 320 U.S. 220, 64 S.Ct. 14, 88 L.Ed. 4."

 Accordingly, this Court finds that petitioner has not been denied due process of law under the Constitution; that even though he was an Indian of limited education, his acquaintance with courts and his age at the time of the plea rendered his waiver of counsel a competent and intelligent waiver of his Constitutional right to the assistance of counsel; and the Court further finds that he is now being lawfully imprisoned and restrained under a lawful judgment of the Circuit Court of Dewey County, South Dakota, in the custody of Don R. Erickson, Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota.

The petition for writ of habeas corpus is therefore quashed.

The foregoing memorandum decision shall constitute the Court's findings of fact and conclusions of law.