STATE of South Dakota, Plaintiff
and Respondent.

v.

Warren E. MILLER, Defendant
and Appellant.

No. 11771.

Supreme Court of South Dakota.

Dec. 16, 1976.

Earl R. Mettler, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Allen J. Eide, of Gribbin, Burns & Eide, Watertown, for defendant and appellant.

WOLLMAN, Justice (On reassignment).

Defendant was arrested by Watertown, South Dakota, police officers at about 11:30 p. m., March 21, 1975, after he was found behind the wheel of an automobile that was parked on a railroad track with its lights on and motor running. Defendant was taken to the police station and advised of his rights under the implied consent law. Defendant refused to submit to a breathalyzer test and was placed in a cell. At approximately 12:25 a. m., March 22, 1975, defend-

ant decided that he wanted to submit to a breathalyzer test; one was administered at 12:41 a. m. and revealed a blood alcohol reading of 0.19%. Defendant was charged with driving or being in actual physical control of a vehicle while having 0.10% or more by weight of alcohol in his blood. SDCL 32–23–1(1). Defendant requested time to consult with an attorney and the case was continued until April 9, 1975, at which time defendant appeared with his attorney. A preliminary hearing was set for May 6, 1975, but was continued until June 23, 1975, at which time defendant indicated to the magistrate that he was no longer represented by counsel inasmuch as defendant was of the opinion that he could not afford the advance fee that his attorney had requested. The magistrate advised defendant that he had the right to be represented by counsel and that he had the right to waive counsel and represent himself. After questioning defendant about his financial resources, the magistrate determined that defendant was not entitled to court appointed counsel. Defendant stated that he would represent himself, and the preliminary hearing was then held.

After being bound over for trial at the conclusion of the preliminary hearing, defendant appeared before the circuit court on July 9, 1975, and was informed of his right to counsel at state expense if he was without funds with which to retain counsel. The court also informed defendant that he had the right to represent himself if he so desired. A trial date was set, after which the court asked defendant if he wanted a jury trial. Defendant replied that he wanted to first consult with his attorney on the matter.

Defendant appeared for trial on July 22, 1975, without an attorney. The court advised defendant of the nature of the charges against him and stated,

"Now, you indicated when we had, I suppose you might refer to it as a supplementary Call of the Calendar in my chambers, and you indicated that you would waive your right to have an attorney, is that correct?"

Defendant made no response to this somewhat rhetorical question. The court continued by asking defendant if it was his intention to plead not guilty to which defendant replied, "I plead not guilty." In response to the court's question, defendant indicated that he was ready to proceed, " * * * with what I have." The court advised defendant that the state would proceed with its case and that defendant would then be given an opportunity to contact his witnesses. At defendant's request the court had earlier made inquiry of the employer of one of the witnesses that defendant intended to call and had been assured that this witness would be permitted to leave work and testify on defendant's behalf. Defendant renewed his request that the trial be had to the court without a jury and the state then proceeded to put in its evidence. Defendant cross-examined the state's witnesses and called witnesses on his own behalf. At the conclusion of the trial the court found defendant guilty of the offense charged.

Defendant contends on appeal that he is entitled to a new trial because his waiver of his right to counsel was neither intelligently nor knowingly made. The record does not support this contention, however, for the clear implication of defendant's responses to the magistrate's and the circuit court's questions regarding representation by counsel is that defendant knew that he had the right to be represented by counsel, that he in fact had consulted with counsel, and that he decided to proceed without counsel after determining to his own satisfaction that he did not desire to spend the money necessary to employ counsel. Granted that the trial judge should have conducted a more extensive colloquy with defendant concerning the hazards of self-representation, the clear inference to be drawn from the record is that the trial court was satisfied that defendant understood the nature of the charges against him, understood his right to counsel, his right to a jury trial, and his right to obtain witnesses through compulsory process and that defendant intelligently and knowingly waived his right to counsel. In reaching this con-

clusion, we have not overlooked the pronouncement of the United States Supreme Court in the case of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.* Although the trial court in the instant case did not interrogate defendant regarding his knowledge of trial procedure and the law of evidence, as did the trial court in *Faretta*, we do not read *Faretta* as requiring such a procedure, for the Supreme Court apparently considered Faretta's understanding of those matters to be irrelevant. Nor do we consider the circuit court's failure to make an on-the-record explanation of the hazards of self-representation fatal to a determination that defendant knowingly and intelligently waived his right to counsel. Defendant was not charged with a felony but with a misdemeanor—a relatively simple misdemeanor at that. In another context we have held that the advice given to defendants in misdemeanor cases need not be as detailed as that required in felony cases. *Crew v. Nelson*, S.D., 216 N.W.2d 565. Moreover, defendant is not an unlettered person of limited comprehension. The record reveals that at the time of trial he was self-employed, apparently as an insurance agent. Finally, we must place some faith in the trial court's decision to allow defendant to proceed without counsel; inherent in such decision is the implication that the trial court was satisfied that defendant was competent to proceed on his own behalf and that he understood the hazards of self-representation. This implication is strengthened by the fact that defendant had only a month earlier represented himself at his preliminary hearing, an experience that must certainly have been fresh in defendant's mind at the time he elected to proceed without counsel in circuit court. Under these circumstances, then, the trial court did not err in permitting defendant to proceed with his own defense.

■ Closely related to his first contention is defendant's claim that he should be given a new trial because his self-representation was so incompetent as to deprive him of a fair trial. The record reveals, however, that defendant conducted a creditable defense. True, he at times failed to differentiate between the elements of the offense of driving while intoxicated and the offense of being in actual physical control of a vehicle while having 0.10% or more by weight of alcohol in his blood, but each time he made this error he was carefully advised by the trial court of the nature of the elements of the charge against him. Although defendant made the mistake of trying to testify while examining and cross-examining witnesses, this is a practice so frequently indulged in by attorneys as to be unremarkable. The trial court advised defendant of his right to subpoena witnesses; indeed, the court recessed the trial at one point so that defendant could call a certain witness. All in all, defendant's conduct of the trial was not so inept as to deny him a fair trial, especially in view of the fact that the case was tried to the court and not before a jury. Cf. *Adams v. U. S. ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268. Moreover, what was said in the *Faretta* case, supra, is relevant here:

> " * * * The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581, n. 46.

■ Defendant contends that the trial court erred in determining that defendant's ingestion of alcohol between the time he was brought to the police station and the

---

* Because it is not necessary to the decision in this case, we express no opinion concerning the retroactive application of the *Faretta* case. Even if that decision, which was announced on June 30, 1975, some seven days after the pre-liminary hearing in the instant case, were considered to be fully applicable to all proceedings in the instant case, we would conclude that there was an adequate waiver by defendant of his right to counsel.

time that the breathalyzer test was administered would have had no effect upon the accuracy of the test. This claim depends upon the verity of defendant's testimony that he and another inmate of the cell in which defendant was placed after he had refused the breathalyzer test consumed a half pint of peppermint schnapps that defendant had concealed in his sock before he was taken from his car and booked at the police station. Although it is true that the trial court indicated a belief that defendant could not have ingested a quantity of alcohol in the short period of time that he was in the cell that would have resulted in the high reading on the breathalyzer test, the court prefaced this comment with the statement that the court did not believe defendant's testimony that he had drunk the peppermint schnapps in the cell. It was for the trial court as fact finder to weigh and determine the credibility of defendant's testimony. Cf. *State v. Anderberg*, S.D., 228 N.W.2d 631.

The trial court's finding that defendant had not consumed alcoholic beverages while in the cell prior to the giving of the breathalyzer test disposes of defendant's contention that he should be given a new trial in order that evidence might be received regarding the effect of the ingestion of alcohol between the time the alleged offense was committed and the time the breathalyzer test was administered.

We have considered defendant's contention that the state improperly used certain impeaching evidence as substantive evidence of the defendant's intoxication and conclude that it is without merit.

The judgment of conviction is affirmed.

WINANS and COLER, JJ., and BRAITHWAITE, Circuit Judge, concur.

DUNN, C. J., dissents.

BRAITHWAITE, Circuit Judge, sitting as a member of the Court.

ZASTROW, J., not having been a member of the Court at the time this case was orally argued, did not participate.

DUNN, Chief Justice (dissenting).

I would reverse.

The United States Supreme Court held in *Argersinger v. Hamlin*, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, that the Sixth Amendment provides standards for all criminal prosecutions. The right to counsel is a basic right of a criminal defendant.

"* * * absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2012, 32 L.Ed.2d at 538.

The court ruled that only in cases where no imprisonment is to be imposed does there exist no requirement of a right to counsel.

This court has long recognized the right of a defendant to conduct his own defense. In order to exercise his constitutional right to proceed *pro se*, a defendant must make a "knowing and intelligent" waiver of his right to counsel. *State v. Thomlinson*, 1960, 78 S.D. 235, 100 N.W.2d 121; *State v. Haas*, 1943, 69 S.D. 204, 8 N.W.2d 569. See *Faretta v. California,* supra. Absent such waiver there is a jurisdictional bar to a valid conviction. *Johnson v. Zerbst*, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

According to the record, the following was the only inquiry as to defendant's waiver of counsel:

"THE COURT: Do you understand the nature of the charge that has been filed against you? Do you understand what the charge is?

"MR. MILLER: Yeah, I'm charged with Driving While Intoxicated.

"THE COURT: That's commonly known as Driving While Intoxicated, but more specifically you are charged with being in actual physical control of a vehicle while there is more than 10% (sic), 10% or more by weight of alcohol in your blood. That is the specific charge, and so do you understand specifically what you are being charged with?

"MR. MILLER: Yes.

"THE COURT: Now, you indicated when we had, I suppose you might refer to it as a supplementary Call of the Calendar in my chambers, and you indicated that you would waive your right to have an attorney, is that correct?

"MR. MILLER: (No response.)

"THE COURT: Is it your intention to enter a plea of not guilty?

"MR. MILLER: I plead not guilty."

This cannot be construed as a "knowing and intelligent" waiver of counsel; in fact, it cannot be construed to be a waiver of any kind.