STATE of South Dakota, Plaintiff
and Appellee,

v.

Gene A. CHAMLEY, Defendant
and Appellant.

No. 13252.

Supreme Court of South Dakota.

Considered on Briefs April 23, 1981.

Decided Sept. 9, 1981.

Judith Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Cynthia Howard of Dakota Plains Legal Services, Pierre, for defendant and appellant.

PER CURIAM.

Appellant was found guilty by a jury on a charge of simple assault arising out of an incident on January 16, 1980, in which appellant struck Viola Newel, a co-owner of the Long Branch Saloon in Pierre, in the face with his fist. We affirm.

Appellant's first contention is that the trial court erred in failing to conduct on the record an adequate colloquy regarding appellant's waiver of his right to the assistance of counsel.

At the outset, we should note that from January 6, 1970 to September 18, 1975 appellant was a duly admitted member of the State Bar of South Dakota. (There is pending before the Court appellant's petition for reinstatement to the practice of law.)

Counsel was appointed for appellant soon after the charges were filed against him in January of 1980. Appellant and the State agreed to a continuance of the preliminary hearing. On June 6, 1980, the Hughes County State's Attorney received a letter from appellant in which appellant indicated that court-appointed counsel was no longer representing him and that he, appellant, was waiving the preliminary hearing. Based upon this letter and upon the fact that appellant had failed to make contact with him, court-appointed counsel moved on July 14, 1980, that he be permitted to withdraw from the case. An order granting this motion was signed by the Honorable

Robert A. Miller, Presiding Judge of the Sixth Judicial Circuit, on July 28, 1980.

Meanwhile, on July 16, 1980, appellant appeared before the Honorable Patrick McKeever, one of the judges of the Sixth Judicial Circuit, for arraignment, at which time the following exchange took place:

BY THE COURT: Do you wish further time within which to consult with an attorney?

A No, I do not.

BY THE COURT: And you understand if you are indigent and qualify, you would be entitled to a court appointed attorney?

A Yes.

BY THE COURT: Do you wish an attorney or do you wish to represent yourself?

A I wish to represent myself.

Thereafter, appellant appeared pro se at a motion hearing on August 15, 1980, held before the Honorable John B. Jones, one of the judges of the Sixth Judicial Circuit to whom the case had been assigned for trial, and at the jury trial on September 4, 1980.

As appellant quite correctly points out, a defendant in a criminal trial has the constitutional right of self-representation. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Miller*, 248 N.W.2d 61 (S.D. 1976); *State v. Thomlinson*, 78 S.D. 235, 100 N.W.2d 121 (1960). We think that what we wrote in *State v. Miller*, supra, is apposite here:

Nor do we consider the circuit court's failure to make an on-the-record explanation of the hazards of self-representation fatal to a determination that defendant knowingly and intelligently waived his right to counsel. Defendant was not charged with a felony but with a misdemeanor—a relatively simple misdemeanor at that.... Moreover, defendant is not an unlettered person of limited comprehension. The record reveals that at the time of trial he was self-employed, apparently as an insurance agent. Finally, we must place some faith in the trial court's decision to allow defendant to proceed without counsel; inherent in such decision is the implication that the trial court was satisfied that defendant was compe-

tent to proceed on his own behalf and that he understood the hazards of self-representation. This implication is strengthened by the fact that defendant had only a month earlier represented himself at his preliminary hearing, an experience that must certainly have been fresh in defendant's mind at the time he elected to proceed without counsel in circuit court.

248 N.W.2d at 63.

Given appellant's legal training and experience, we conclude that any failure by Judge Jones to conduct a formal on-the-record discussion with appellant about his desire to represent himself is at most a technical omission that has no bearing on the validity of the conviction.

■ Appellant's next contention is that he was denied his right to compulsory process to obtain witnesses and his right to a full and fair trial by the failure of the trial court to grant a continuance for the purpose of obtaining witnesses.

Appellant alleges that he had subpoenas served on ten witnesses on his behalf, although the record does not contain any proof of service. Among the witnesses so subpoenaed were Governor Janklow and the Hughes County State's Attorney. The trial court granted motions to suppress these two subpoenas, subject to appellant's right to make an offer of proof regarding the testimony that these two potential witnesses might give. Appellant, however, did not exercise this right.

Only one of the remaining subpoenaed witnesses appeared at trial. Although appellant called the court's attention to the fact that the remaining witnesses had not appeared, he made no motion for a continuance for the purpose of securing their attendance at trial. Given this fact, the trial court was not called upon to exercise its discretion whether to continue the trial pending the appearance of the subpoenaed witnesses. Cf. *State v. O'Connor*, 84 S.D. 449, 173 N.W.2d 48 (1969); *State v. Wilcox*, 21 S.D. 532, 114 N.W. 687 (1908). In view of appellant's failure to make an offer of

proof regarding the testimony of the two witnesses whose subpoenas were quashed or to move for a continuance pending the appearance of the remaining subpoenaed witnesses, we conclude that he is in no position to complain of any error on the part of the trial court in regard to this issue.

 Appellant next contends that the trial court erred in refusing to submit appellant's proposed instruction on self-defense.

Appellant testified that just prior to the incident that gave rise to this prosecution he had become engaged in a loud argument with several of the other patrons in the bar over the right to use a pool table, whereupon one Jack Dugan, a patron,

> came over and started strangling me and beat my head against the wall. This is about the last thing I remember.... I cannot deny anything that Viola Newel said, because I am telling you that I was not conscious at that time. I do not know if it was because I had had my head beat against the wall and I don't know if I was assaulting her because I was defending myself from what had just happened and I don't know whether or not I can prove that to you because Jack Dugan, which I subpoenaed into Court, did not appear.

A trial court need not instruct on matters that find no support in the evidence. See, e. g., *State v. Bean*, 265 N.W.2d 886 (S.D. 1978); *State v. Kafka*, 264 N.W.2d 702 (S.D. 1978). We note that the federal courts have not always agreed with our determination of the evidence that would warrant an instruction on self-defense. See *Means v. Solem*, 480 F.Supp. 128 (D.S.D. 1979), aff. 646 F.2d 322 (8th Cir. 1980); *Zemina v. Solem*, 438 F.Supp. 455 (D.S.D. 1977), aff. per curiam 573 F.2d 1027 (8th Cir. 1978). We are satisfied, however, that even under the quantum of evidence found sufficient in these federal cases to require the giving of self-defense instructions, appellant was not entitled to the requested instruction, and thus the trial court did not err in refusing to give it.

We have considered appellant's final contention—that he was deprived of his right to a fair trial by virtue of the trial court's rulings and the prosecutor's conduct—and conclude that it is totally without support in the record. The trial court manifested great patience with appellant throughout the course of the trial, at one point disregarding in-chambers comments and accusations by appellant that might well have constituted contempt of court had they been uttered in the courtroom. Likewise, the deputy state's attorney did nothing during the course of the trial other than to attempt to restrict appellant's testimony to that which was at least tangentially relevant to the issues in the case.

The judgment of conviction is affirmed.

HOYT, Circuit Judge, sitting for DUNN, J., disqualified.

WUEST, Circuit Judge, sitting for FOSHEIM, J., disqualified.