STATE of South Dakota, Plaintiff
and Appellee,

v.

Danny VAN SICKLE, Defendant
and Appellant.

No. 15500.

Supreme Court of South Dakota.

Argued May 21, 1987.

Decided Sept. 2, 1987.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Steven G. Haugaard, of Hunt and Haugaard Law Office, Sioux Falls, for defendant and appellant.

WUEST, Chief Justice.

Defendant, Dan Van Sickle, appeals his conviction on two counts of aggravated assault. We reverse and remand.

Defendant was charged with two counts of aggravated assault on May 5, 1985. Defendant's mother hired him an attorney but the attorney withdrew when defendant allegedly refused to cooperate.

A preliminary hearing was held July 1, 1986. When defendant appeared without counsel, the court noted defendant's counsel had withdrawn and asked defendant whether he intended to represent himself. Defendant chose to proceed without legal counsel.

Arraignment was held on July 7, 1986. Defendant again appeared without counsel. The court explained to the defendant that he had the right to defend himself in person or have an attorney at all stages of the

proceedings. The court also stated that, should defendant desire counsel, the court would adjourn for a time sufficient to allow defendant time to consult with an attorney and would appoint an attorney for defendant if he could not afford to hire one himself. The court then asked defendant if he wished to have an attorney, and the defendant stated he did not.

After the State filed the information, the court asked defendant what plea he intended to enter. Defendant stated he would enter a plea of not guilty. The court again asked defendant if he wished to have an attorney. Defendant again stated he did want an attorney but preferred to find his own. The court further advised defendant he would need to employ counsel, or else request court-appointed counsel.

Trial began on September 11, 1986. Just before trial, the parties met in chambers. The court again advised defendant he could represent himself or have an attorney. The court further explained defendant's right to a court-appointed attorney. Defendant told the court he wished to defend himself personally.

Defendant did not present witnesses or testify himself. At the conclusion of the trial the jury returned guilty verdicts on both counts. At sentencing, defendant stated he wished to consult with a court-appointed attorney but when the court explained defendant would have to reimburse the county for attorney fees, defendant stated: "Why don't we just proceed."

The first issue is whether defendant knowingly and intelligently waived counsel.

▮▮▮ The defendant in a criminal action has both a constitutional right to be represented by counsel and a constitutional right to represent himself, whichever he chooses. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Thomlinson,* 78 S.D. 235, 100 N.W.2d 121 (1960) *citing* S.D. Const. Art. VI, § 7. When a defendant exercises his right to represent himself and waives his right to counsel, his decision must be made voluntarily, as well as knowingly and intelligently. *Faretta, supra.*

A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938).

In this case the court repeatedly reminded the defendant of his right to an attorney and the availability of court-appointed counsel, yet the defendant stated unequivocably that he wished to proceed without counsel. The question then is whether the defendant's unequivocal demand of self-representation is sufficient for a knowing and intelligent waiver, or whether an acceptable waiver requires more.

In *Faretta,* the Supreme Court stressed that trial courts, before permitting a defendant to represent himself, must determine that he is knowingly and intelligently waiving counsel. The court indicated the following area of concern for trial courts:

> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, *he should be made aware of the dangers and disadvantages of self-representation,* so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann,* 317 U.S. [269], at 279, 63 S.Ct. [236], at 242 [87 L.Ed. 268 (1942)]. (Emphasis added).

*Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541. *See Thomlinson, supra.*

Courts have suggested the following matters are important *Faretta* considerations for the defendant: (1) that "presenting a defense is not a simple matter of telling one's story," but requires adherence to various "technical rules" governing the conduct of a trial; (2) that a lawyer has substantial experience and training in trial procedure and that the prosecution will be represented by an experienced attorney; (3) that a person unfamiliar with legal pro-

cedures may allow the prosecutor an advantage by failing to make objections to inadmissible evidence, may not make effective use of such rights as the voir dire of jurors, and may make tactical decisions that produce unintended consequences; (4) that a defendant proceeding pro se will not be allowed to complain on appeal about the competency of his representation; and (5) "that the effectiveness of his defense may well be diminished by his dual role as attorney and accused." *R. LaFave*, Criminal Procedure, § 11.5 (1984).

Under *Faretta, supra,* some courts require only that the defendant have been aware of the disadvantages of proceeding pro se, and that awareness can be established without regard to any admonitions or colloquies. A waiver is constitutionally acceptable where such factors as defendant's involvement in previous criminal trials, his representation by counsel before trial, and his explanation of his reasons for proceeding pro se indicate he was fully aware of the difficulties of self-representation. Thus, while an admonition by the trial court is preferred, a warning is not constitutionally necessary where other circumstances indicate defendant was aware of the dangers in self-representation.

Some courts have held that, initially, the trial court should ascertain that the defendant is aware of the various matters noted in *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed.2d 309 (1948). *See United ed States v. Gipson,* 693 F.2d 109 (10th Cir.1982), *cert. denied,* 459 U.S. 1216, 103 S.Ct. 1218, 75 L.Ed.2d 455 (1983); *United States v. Harris,* 683 F.2d 322 (9th Cir. 1982); *LaFave, supra,* § 11.3. Then the trial court should advise the defendant of various pitfalls of self-representation. *Harris,* 683 F.2d at 324.

In *State v. Miller,* 248 N.W.2d 61 (S.D. 1976) this court recognized the *Faretta* case but held while the trial judge should have conducted a more extensive colloquy with defendant concerning the hazards of self-representation, the circuit court's failure to make an on-the-record explanation of the hazards of self-representation is not fatal to a determination that defendant

knowingly and intelligently waived his right to counsel. "[W]e must place some faith in the trial court's decision to allow defendant to proceed without counsel; inherent in such a decision is the implication that the trial court was satisfied that defendant understood the hazards of self-representation." *Miller,* 248 N.W.2d at 63.

In *Miller,* we recognized that surrounding circumstances in some cases may indicate knowing and intelligent waiver, and therefore there may not be a need for an on-the-record explanation of the hazards of self-representation. However, the court in this case should have explained the dangers of self-representation to the defendant. The defendant graduated from high school but had received no further formal education. He was unemployed. Moreover, he was charged with a felony rather than a misdemeanor. The record is devoid of any circumstances which would show that defendant did not need an explanation of the hazards of self-representation.

■ A defendant must be aware of the dangers and disadvantages of self-representation. On appeal, waiver of the right to counsel will not be found knowingly and intelligently made unless the trial court (1) warns the defendant of the dangers of self-representation or, (2) unless the record indicates circumstances from which this court can find the defendant was aware of the danger and made a knowing and intelligent waiver. While in some cases there may be a record showing a defendant is aware of the pitfalls of self-representation, an admonition from the trial court is preferred as it eliminates any doubt.

■ Since in this case there was neither an admonition from the trial court or any record showing the defendant was aware of the pitfalls of self-representation, we find defendant's decision to represent himself was not made knowingly and intelligently. We therefore reverse and remand for a new trial. Since we base our decision on this first issue, we do not reach defendant's remaining issues.

Reversed and Remanded.

MORGAN, HENDERSON and SABERS, JJ., concur.

MILLER, J., concurs specially.

MILLER, Justice (concurring specially).

I write specifically to state that I feel we owe it to the trial bench of this state to set forth specific guidelines, *with prospective application,* to guide them when confronted with such problems in the future.

I would require the trial courts to advise potential pro se defendants of the pitfalls of self-representation, on the record, by specifically advising them, at a minimum:

1. That criminal trials are governed by technical rules which apply whether an attorney participates or not.

2. That attorneys are trained and experienced in trial procedure; that the prosecution will be represented by an experienced attorney.

3. That he will be given no special consideration from the court because he is representing himself and is not a lawyer.

4. That persons unfamiliar with legal procedures may allow prosecutors an advantage by failing to make objections to inadmissible evidence, not making effective use of their rights, and may make tactical decisions that produce unintended consequences.

5. That a pro se defendant will not be allowed to complain on appeal about the competency of his representation.

6. That the effectiveness of defense may well be diminished by the dual role.

If a defendant persists in representing himself, the trial court must be assured through an on-the-record interchange with the defendant that the defendant understands and appreciates the disadvantages and consequences of self-representation.

The trial court should enter a specific finding on the record, either in writing or orally, that the defendant's waiver of his right to counsel was knowingly and intelligently made.