1997 SD 74

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Carl Richard BRUCH, Defendant and Appellee.**

**No. 19688.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 5, 1996.

Decided June 25, 1997.

Mark Barnett, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, for plaintiff and appellee.

Matthew T. Stephens, Rapid City, for defendant and appellant.

PER CURIAM.

[¶ 1] Bruch appeals from a circuit court order affirming the magistrate court's order denying his motion to declare his February 24, 1993 DUI conviction invalid. We reverse.

### FACTS

[¶ 2] Bruch was arrested for DUI on August 6, 1992. Bruch retained Roger Tellinghuisen as his attorney. Following a preliminary hearing, Bruch waived the 180-day rule, SDCL 23A-44-5.1, and trial was set for February 24, 1993.

[¶ 3] On the morning of trial, Tellinghuisen told the magistrate judge that Bruch contacted him the night before, discussed the case to be presented, and told Tellinghuisen that he wished to terminate his services. Tellinghuisen quit preparing for trial, but met Bruch that morning, turned over the contents of his file, and briefed Bruch about the subpoenaed witnesses. Tellinghuisen told the court that he was making a record of the fact that he was not going to appear "per the request last night of my client."

[¶ 4] The magistrate judge addressed Bruch:

THE COURT: Okay. Is that correct, Mr. Bruch?

MR. BRUCH: That's correct.

THE COURT: Okay. And just for the record, I would say that while you do, of course, have the right to represent yourself, it is not advisable, necessarily, to be without counsel, but it is your decision if that's what you want to do. Also, because this is a relatively small population type of county, I think everybody is fairly well aware of most of the people that live in this area. However, Mr. Bruch, just for the record, how far did you go in school?

MR. BRUCH: I went through the high school years.

THE COURT: So you did graduate from high school?

(Defendant nods.)

THE COURT: Okay. And you've been around the court system a little bit so you've had some experience with the matters. As I say, you understand that if you do represent yourself in this matter, although we would try to run things in such a way as not to take advantage of the fact that you do not have counsel, you would be held to the same standards that your attorney would be held to as far as rules of evidence and this type of thing.

MR. BRUCH: I understand that, I believe, Your Honor.

THE COURT: All right. If that's your decision then to proceed with self representation—

MR. BRUCH: At this point, Your Honor, due to the fact that my attorney and I can't agree on how to best handle this case, I've had the alternative to dismiss him; therefore, I ask the Court's indulgence in

allowing a continuance so that I may have an opportunity in procuring other counsel.

[¶ 5] The state resisted Bruch's request for a continuance. It told the court that the jury panel was waiting, the state was ready to proceed, the state chemist had traveled from Pierre to Sturgis to testify, and that it was the state's understanding that Bruch was going to represent himself that morning at trial.

[¶ 6] The court denied Bruch's motion for a continuance because Bruch had "plenty of time" to prepare and discuss the case with counsel, thirty jurors had traveled in bad weather, and the chemist had traveled from Pierre. Bruch immediately reiterated that he would like the court to give him the opportunity to find other counsel. The state again opposed the request and the court, for the second time, denied a continuance. The court then allowed Tellinghuisen to be excused.

[¶ 7] The court proceeded to arraign Bruch. Bruch refused to enter a plea, saying that he did not understand the charges against him. After the court attempted to clarify the matter, Bruch challenged the court's jurisdiction. He asked if he was charged for DUI under common law, civil law or international maritime law. He questioned whether the court was legislative or judicial. Bruch stood on Section 103 of the Uniform Commercial Code, which he had studied and which, he said, reserved his common law rights and "tells me that the law cannot compel me to do anything and there must be an unrepealed commercial agreement here. I do not accept such agreement."

[¶ 8] The court then entered a not guilty plea on Bruch's behalf. Bruch continued questioning the court's jurisdiction and moved for an "interim appeal" to determine the court's jurisdiction. The court denied the motion, but allowed a continuing objection.

[¶ 9] Bruch renewed his request for a continuance in order to procure counsel since he was "ill prepared to go on with this trial." The court denied the motion but assured Bruch that "we will try to conduct this matter as to not take advantage of the fact that you're not represented." Following a short recess, Bruch told the court, "Your Honor, I would like to have the record show I'm proceeding in propria persons which in Black's Law Dictionary simply states in one's own person." The case proceeded to trial, Bruch represented himself, and the jury found him guilty as charged. Bruch was sentenced to thirty days in the Meade County Jail and fined. The jail term and a portion of the fine were conditionally suspended.

[¶ 10] Bruch was arrested for DUI on March 11, 1995. A Part II information was filed charging that the March 11 offense was a second offense since Bruch had been convicted on February 24, 1993 of DUI. Bruch represented himself through preliminary proceedings, but did retain counsel by the time his trial was scheduled.

[¶ 11] Following a court trial, Bruch was found guilty of the March 11, 1995 DUI charge. Bruch requested a hearing to declare his February 24, 1993 DUI conviction invalid. Bruch and the state, however, did agree that sentence on the March 11, 1995 DUI could be imposed with second offense penalties, but that execution of sentence would be stayed pending the court's determination of the validity of the February 24, 1993 conviction.

[¶ 12] The magistrate court denied Bruch's motion to find his prior DUI conviction invalid. The circuit court affirmed.

## ISSUE

[¶ 13] **Is Bruch's February 24, 1993 conviction valid?**

## DISCUSSION

 [¶ 14] In a criminal action a defendant has both a constitutional right to be represented by counsel and a constitutional right to represent himself; it is the defendant's choice. *State v. Van Sickle*, 411 N.W.2d 665 (S.D.1987). To forego the assistance of an attorney, the defendant must make a voluntary, knowing, and intelligent waiver of his right to counsel. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). A criminal conviction may not be used to enhance punishment for a

subsequent criminal offense without counsel having been present or a valid waiver of counsel having been obtained in the prior proceeding. *State v. Cashman,* 491 N.W.2d 462 (S.D.1992).

▮ [¶ 15] At a minimum, a defendant must be aware of the dangers and disadvantages of self-representation. On appeal, waiver of the right to counsel will not be found knowingly and intelligently made unless the trial court (1) warns the defendant of the dangers of self-representation or, (2) unless the record indicates circumstances from which this court can find the defendant was aware of the danger and made a knowing and intelligent waiver. While in some cases there may be a record showing a defendant is aware of the pitfalls of self-representation, an admonition from the trial court is preferred as it eliminates any doubt.

*Van Sickle,* 411 N.W.2d at 667. (*See Van Sickle,* Miller, J. concurring specially, listing six specific advisements, recommending an on-the-record interchange, and advising trial courts to enter either written or oral findings regarding a defendant's waiver of the right to counsel.)

▮ [¶ 16] Bruch contends that he never waived his right to counsel and never expressed an interest in proceeding pro se. The record bears out his contention.

[¶ 17] Bruch and his retained attorney appeared the morning of trial. The attorney announced that Bruch had terminated his services and that he would not represent Bruch that day.* While defendant will not be allowed to disrupt the orderly procedure of the trial court by discharging counsel on the eve of trial and demanding a continuance, *State v. Keithley,* 218 Neb. 707, 358 N.W.2d 761, 762–763 (1984), the trial court did not exercise its obligation to question the attorney or Bruch about the circumstances surrounding the attorney-client break down to determine whether the allegations were true. *State v. Irvine,* 1996 SD 43 ¶ 9, 547 N.W.2d

177, 180. It compounded this error by failing to consider appointing Tellinghuisen to assist Bruch as legal advisor on a standby basis. *State v. Coleman,* 190 Neb. 441, 208 N.W.2d 690 (1973). Rather, the court simply allowed Tellinghuisen to leave. Bruch requested a continuance in order to obtain an attorney three times. The requests were denied. Despite Bruch's protestations, the court assumed that Bruch would represent himself pro se and failed to advise him of the hazards of self-representations. Before beginning the trial with Bruch representing himself, the court did tell him that he had the right to represent himself, though not advisable, ascertained that Bruch was a high school graduate, and knew Bruch had some court experience. These advisements were not unlike those in *Berry v. Lockhart,* 873 F.2d 1168, 1171 (8th Cir.1989) where the Court said:

There is no dispute that the Court did not advise Berry of the perils of proceeding pro se. Nor is there any evidence on the record that the Court looked into Berry's knowledge of criminal justice procedures. *Cf. Meyer [v. Sargent], supra* [854 F.2d 1110] at 1114–15 [8th Cir.1988]. That Berry had taken some college courses or had prior convictions is not enough to show he understood the dangers of self-representation at trial. "[E]ven the most gifted layman" requires the help of counsel to "adhere to the rules of procedure and evidence, comprehend the subtleties of voir dire, examine and cross-examine witnesses effectively, ... object to improper prosecution questions, and much more." *Patterson v. Illinois, supra,* [487 U.S. 285, 298 n. 13] 108 S.Ct. [2389] at 2398 n. 13 [101 L.Ed.2d 261 (1988)]. Berry never agreed to proceed on his own behalf. He steadfastly asked for counsel. Outright denial of counsel cannot be harmless error.

This is consistent with this Court's observations in *Van Sickle,* 411 N.W.2d at 667:

order of the court after notice to all parties concerned.
There were no formal proceedings under this Supreme Court Rule (80–9).

* *See* SDCL 16–18–31:
No attorney who has appeared of record in any civil or criminal proceeding shall be permitted to withdraw in any pending action except by

In *[State v.] Miller* [248 N.W.2d 61 (S.D. 1976)], we recognized that surrounding circumstances in some cases may indicate knowing and intelligent waiver, and therefore there may not be a need for an on-the-record explanation of the hazards of self-representation. However, the court in this case should have explained the dangers of self-representation to the defendant. The defendant graduated from high school but had received no further formal education. He was unemployed. Moreover, he was charged with a felony rather than a misdemeanor. The record is devoid of any circumstances which would show that defendant did not need an explanation of the hazards of self-representation.

[¶ 18] The state contends that Bruch was attempting to manipulate the right to counsel in order to delay or disrupt the trial. Again, the Eighth Circuit's analysis in *Berry*, 873 F.2d at 1171 is on point:

> Of course, this is not to say that every time a defendant requests a new lawyer, he should be indulged. These requests will sometimes, perhaps often, be dilatory tactics. A defendant has no right to manipulate his right to counsel in order to delay or disrupt the trial. *United States v. White*, 529 F.2d 1390, 1393 (8th Cir.1976). The focus of our inquiry here, however, is only on the validity of this defendant's waiver of his right to counsel. His difficulties with Mr. Hooper were not so obviously his own fault, or so transparently an effort to delay the trial as to justify us in holding that the whole thing was a ploy by Berry to gain time. If the trial court had carefully examined Berry's problems with Hooper and found them clearly insubstantial, it might have been justified in forcing Berry to trial without a lawyer. That did not happen here.

The same is true in Bruch's case. The trial court made no effort to ascertain anything about Bruch's problems with Tellinghuisen and made no finding regarding Bruch's motives the morning of the trial. Under these circumstances, the court erred in forcing Bruch to trial pro se.

[¶ 19] The state also claims that Bruch "waived by implication" the right to counsel because Bruch's references to the common law, admiralty law and the UCC were attempts to manipulate and trifle with the court.

[¶ 20] Prior to Bruch's questioning the court's jurisdiction, his requests for a continuance to obtain counsel had been refused twice. There is no indication from this record, and the trial court made no inquiry, of whether Bruch's jurisdictional questions were attempts to manipulate the court or sincerely held, albeit misguided, beliefs. It is just as likely that Bruch's jurisdictional questions indicated a lack of understanding of the charges showing that he could not represent himself competently and warranting the appointment of counsel. *U.S. v. Watson*, 1 F.3d 733 (8th Cir.1993)(Watson claimed to be a free citizen of Oklahoma, but not of the United States. He validly waived counsel. As the case progressed Watson filed numerous court documents which showed he did not understand the charges and could not represent himself. The District Court did not abuse its discretion by appointing counsel). In addition, the trial court has the responsibility of inquiring into the circumstances surrounding potential forfeiture or waiver and ensuring that a defendant's decision is knowing and intelligent. *U.S. v. Goldberg*, 855 F.Supp. 725 (M.D.Pa.1994); *U.S. v. McLeod*, 53 F.3d 322 (11th Cir.1995). The court in Bruch's case did not do so.

[¶ 21] Bruch's February 24, 1993 DUI conviction is invalid. The order appealed from is reversed.

[¶ 22] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ. participating.