2005 SD 32

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Leigh PATTEN, Defendant and Appellant.**

**No. 23200.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 2005.

Decided March 9, 2005.

Lawrence E. Long, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, for plaintiff and appellee.

John R. Murphy, Rapid City, for defendant and appellant.

PER CURIAM.

[¶ 1.] Leigh Patten appeals her misdemeanor conviction for obstructing a law enforcement officer contending she was deprived of the assistance of counsel. We reverse.

### FACTS

[¶ 2.] On December 28, 2003, Butte County law enforcement responded to a call that Patten's sheep were on a county road. The sheep had been caught in a ground blizzard and several were trapped in a snow bank while others used the snow bank to escape the confines of their pasture. There were approximately 150 sheep on the roadway. Determining that the sheep were in trouble, and being unable to reach Patten, the sheriff decided to seize the sheep and transport them to a stockyard.

[¶ 3.] The sheep were corralled and loaded into trucks with the assistance of local ranchers. Patten was eventually reached and she arrived at the scene as the remaining sheep were being loaded. Patten told those loading the sheep to "stop stealing my sheep." The sheriff advised her they were being seized for their own protection because they were without shelter. Patten attempted to move the loaded

sheep from the trailer and also prevented others from being loaded. She was told to stop her activities three times. Patten refused. She was arrested for obstructing a law enforcement officer.

[¶ 4.] Patten was indicted by a grand jury and arraigned on February 9, 2004. Patten appeared at the arraignment without an attorney. The trial court informed her that she had the right to counsel, a trial by jury, to confront and examine witnesses and she could not be forced to testify against herself. The court also inquired if Patten had an attorney. She indicated she did not have counsel but desired to be represented. She requested a court appointed attorney. The trial court directed Patten to make an application for court appointed counsel but forewarned her that he probably would not grant the request if she owned an interest in real estate.

[¶ 5.] Patten completed an application for a court appointed attorney. That application indicated she lived on social security and her total income for the prior year was $3,176.40. She also indicated she was a ten percent shareholder in a family farm corporation that held seven hundred forty acres of land. She valued the worth of this interest along with her other assets, including her watch and wedding ring, as $1,000. The trial court responded in a letter dated February 18, 2004, and denied the request for counsel. The letter indicated "I do not believe you are indigent as you own an interest in real estate in Butte County."

[¶ 6.] On March 5, 2004, only three days before trial, Patten appeared *pro se* at a motion to quash hearing concerning subpoenas she had requested. The trial court did not inquire as to her legal representation. On March 8, 2004, Patten appeared for trial. The trial court again did not address the issue of her legal representation. Patten represented herself during the jury trial and she was convicted.

[¶ 7.] Patten appeals her conviction contending she was denied her right to counsel.[1] State concedes that Patten was not informed of the dangers of proceeding *pro se* and she did not validly waive her right to counsel. Consequently, the State also urges reversal of the judgment of conviction.

## ANALYSIS

### ISSUE

[¶ 8.] **Whether Patten's lack of representation by counsel, in the absence of a valid waiver, created reversible error in the proceeding below.**

 [¶ 9.] "The defendant in a criminal action has both a constitutional right to be represented by counsel and a constitutional right to represent [her]self, whichever [s]he chooses." *State v. Van Sickle*, 411 N.W.2d 665, 666 (S.D.1987).[2] However, before permitting a defendant to represent herself, trial courts must obtain a knowing and intelligent waiver of the right to counsel. *Id.*

A defendant must be aware of the dangers and disadvantages of self-representation. On appeal, waiver of the right to

---

1. Patten also contends that the trial court erred in allowing an eleven person jury and that she was denied due process of law in the proceeding below. Because we reverse the conviction based on the denial of counsel it is not necessary to address these issues.

2. SDCL 23A–40–6.1 provides for assigned counsel when a person can be deprived of their liberty and when the person is charged with a class 2 misdemeanor or a greater offense. This was a class 1 misdemeanor punishable by one year in prison and a $1,000 fine. SDCL 22–11–6.

counsel will not be found knowingly and intelligently made unless the trial court (1) warns the defendant of the dangers of self-representation or, (2) unless the record indicates circumstances from which this court can find the defendant was aware of the danger and made a knowing and intelligent waiver. While in some cases there may be a record showing a defendant is aware of the pitfalls of self-representation, an admonition from the trial court is preferred as it eliminates any doubt.

*Id.* at 667.

[¶ 10.] "[A] defendant's request to represent [herself] must be unequivocal in nature." *State v. Chamley,* 1997 SD 107, ¶ 35, 568 N.W.2d 607, 618. A defendant is presumed not to have waived her right to counsel in the absence of a knowing, intelligent and voluntary waiver. *State v. Raymond,* 1997 SD 59, ¶ 9, 563 N.W.2d 823, 825. The court should make the defendant "aware of the pitfalls of self-representation, so that the record will establish that [she] knows what [she] is doing and [her] choice is made with eyes open." *Id.* ¶ 11 (citing *Adams v. United States,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268, 275 (1942)). To meet this requirement, this Court has suggested that trial courts warn a defendant:

(1) presenting a defense is not a simple matter of telling one's story, but requires adherence to various technical rules governing the conduct of a trial;

(2) a lawyer has substantial experience and training in trial procedure and that the prosecution will be represented by an experienced attorney;

(3) a person unfamiliar with legal procedures may allow the prosecutor an advantage by failing to make objections to inadmissible evidence, may not make effective use of such rights as the voir dire of jurors, and may make tactical decisions that produce unintended consequences;

(4) a defendant proceeding *pro se* will not be allowed to complain on appeal about the competency of [her] representation; and

(5) the effectiveness of [her] defense may well be diminished by [her] dual role as attorney and accused.

*Van Sickle,* 411 N.W.2d at 666–67 (quoting R. LaFave, Criminal Procedure § 11.5 (1984)). The trial court did not provide these advisements to Patten nor does the record establish Patten was otherwise advised of the perils of proceeding *pro se.*

[¶ 11.] This case is similar to *State v. Bruch,* 1997 SD 74, 565 N.W.2d 789, wherein this Court reversed when the trial court did not advise Bruch of the dangers of proceeding *pro se* and the record did not indicate any interest by the defendant in proceeding without counsel. Here, there was no admonition from the trial court concerning the dangers of proceeding *pro se.* Patten also made no affirmative request to represent herself. On the contrary, she unequivocally requested the assistance of court appointed counsel but that request was denied. Additionally, the record does not demonstrate that Patten was independently aware of the pitfalls of proceeding without counsel. It is also important to note concerning the request for court appointed counsel that it appears from the record the trial court denied Patten's request for counsel on the sole basis that she owned an interest in real estate. However, "[i]ndigence should be considered upon a case by case basis. Indigence should be considered without resort to artificially pre-determined financial standards or guidelines." *State v. Dale,* 439 N.W.2d 112, 115 (S.D.1989).

[¶ 12.] On this record, it appears the trial court considered the matter of Pat-

ten's representation settled with the denial of court appointed counsel. The trial court did not inquire further and Patten was required to appear *pro se* without the requisite waiver and the circumstances did not indicate she was aware of the disadvantages and dangers of self-representation.

[¶ 13.] Reversed.

[¶ 14.] GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.